# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NEW MEXICO CATTLE GROWERS' ASSOCIATION; JIM CHILTON; NEW MEXICO FARM & LIVESTOCK BUREAU; NEW MEXICO FEDERAL LANDS COUNCIL; and TEXAS FARM BUREAU, | No. _____ |
| | **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |
| Plaintiffs, | |
| v. | |
| SALLY JEWELL, in her official capacity as Secretary of the United States Department of the Interior; DANIEL M. ASHE, in his official capacity as Director of the United States Fish and Wildlife Service; UNITED STATES DEPARTMENT OF THE INTERIOR; and UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendants. | |

## INTRODUCTION

1. This is an action to compel the Defendants to make a mandatory 90-day finding on the Plaintiffs' Petition to reclassify five species under the Endangered Species Act (ESA): the gypsum wild-buckwheat, black-capped vireo, Kuenzler hedgehog cactus, lesser long-nosed bat, and Tobusch fishhook cactus.  16 U.S.C. § 1533(b)(3)(A).

**JURISDICTION**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 (judicial review of agency action); 16 U.S.C. § 1540(c) (actions arising under ESA); 16 U.S.C. § 1540(g) (citizen suits arising under ESA); and 28 U.S.C. § 1331 (civil action arising under laws of the United States).

3. Plaintiffs seek declaratory and injunctive relief under 28 U.S.C. §§ 2201(a), 2202.

4. Defendants have failed to make a required 90-day finding on the PETITION OF PACIFIC LEGAL FOUNDATION, JIM CHILTON, NEW MEXICO CATTLE GROWERS' ASSOCIATION, NEW MEXICO FARM & LIVESTOCK BUREAU, NEW MEXICO FEDERAL LANDS COUNCIL, AND TEXAS FARM BUREAU TO DELIST THE GYPSUM WILD-BUCKWHEAT AND DOWNLIST THE BLACK-CAPPED VIREO, THE KUENZLER HEDGEHOG CACTUS, THE LESSER LONG-NOSED BAT, AND THE TOBUSCH FISHHOOK CACTUS UNDER THE ENDANGERED SPECIES ACT (Petition). A true and correct copy of the Petition, without exhibits, which was filed on July 11, 2012, is attached hereto as Exhibit 1 and hereby incorporated by reference.

5. Plaintiffs assert that the Defendants' failure to issue a required 90-day finding constitutes agency action unlawfully withheld. An actual controversy exists therefore between the parties.

6. On October 29, 2012, Plaintiffs provided Defendants a 60-Day Notice of Intent to Bring Citizen Suit Pursuant to 16 U.S.C. § 1540(g), as required by the ESA. A true and correct copy of the notice is attached hereto as Exhibit 2 and hereby incorporated by reference.

7. Venue in this district is proper under 28 U.S.C. § 1391(e)(1) because a substantial part of

the events or omissions giving rise to the Plaintiffs' claims occurred in this district, and because at

least one of the Plaintiffs resides in this district.

## PARTIES

**Plaintiffs**

8. Plaintiff New Mexico Cattle Growers' Association (NMCGA) is an association, headquartered in Albuquerque, New Mexico, that is organized for the purpose of advancing and protecting the cattle industry in New Mexico.  NMCGA advocates on behalf of its members on numerous issues relating to regulation under the ESA.  NMCGA lobbies on ESA issues, publishes information on ESA-related issues for its members, performs research pertaining to ESA regulation, and submits comments to government agencies addressing concerns about ESA regulation and its effect on its members.  NMCGA devotes substantial resources to those activities, which seek to ensure that ESA-related regulation does not unreasonably impair the cattle industry.  Additionally, NMCGA members operate businesses in areas of New Mexico where the gypsum wild-buckwheat, Kuenzler hedgehog cactus, and lesser long-nosed bat are known or believed to occur.  Defendants' failure to reclassify those species according to best available science frustrates NMCGA's objectives and forces NMCGA to expend resources petitioning for those species' reclassification.  As a party to the Petition, NMCGA is entitled to receive the legally required response from the Defendants.

9. Plaintiff Jim Chilton is co-owner of Chilton Ranch in Arivaca, Arizona.  He grazes cattle on designated grazing allotments located in portions of the Coronado National Forest thought to be within the range of the lesser long-nosed bat.  Under the terms of his United States Forest Service

grazing permit, Mr. Chilton must comply with various nondiscretionary conditions described in Biological Opinions and Allotment Management Plans. Those conditions, which govern Mr. Chilton's grazing operations, include requirements and restrictions that are designed to benefit the lesser long-nosed bat and its habitat. The Defendants' failure to reclassify the lesser long-nosed bat according to best available science led Mr. Chilton to petition for the bat's reclassification. As a party to the Petition, Mr. Chilton is entitled to receive the legally required response from the Defendants.

10. Plaintiff New Mexico Farm & Livestock Bureau (NMFLB) is an independent, non-governmental, voluntary organization of farm and ranch families united for the purpose of analyzing agricultural problems and formulating actions to promote the well-being of agriculture in New Mexico. NMFLB is headquartered in Las Cruces, New Mexico. NMFLB represents the views of its members who are impacted by the ESA. NMFLB lobbies on ESA issues, publishes information on ESA-related issues for its members, performs research pertaining to ESA regulation, and submits comments to government agencies addressing concerns about ESA regulation and its effect on its members. NMFLB devotes substantial resources to those activities, which seek to ensure that ESA-related regulation does not unreasonably impair agriculture in New Mexico. Additionally, NMFLB members operate businesses in areas of New Mexico where the gypsum wild-buckwheat, Kuenzler hedgehog cactus, and lesser long-nosed bat are known or believed to occur. Defendants' failure to reclassify those species according to best available science frustrates NMFLB's objectives and forces NMFLB to expend resources petitioning for those species' reclassification. As a party to the

Petition, NMFLB is entitled to receive the legally required response from the Defendants.

11. Plaintiff New Mexico Federal Lands Council (NMFLC) is a non-governmental, nonprofit organization that represents the views of allotment owners and multiple-use proponents of New Mexico's public lands.  NMFLC believes that any action that affects land management, including regulations under the ESA, should be based on sound science and public input.  NMFLC lobbies on ESA issues, publishes information on ESA-related issues for its members, performs research pertaining to ESA regulation, and submits comments to government agencies addressing concerns about ESA regulation and its effect on its members.  NMFLC devotes substantial resources to those activities, which seek to ensure that public lands are managed for multiple, productive uses. Additionally, NMFLC members operate businesses in areas of New Mexico where the gypsum wild-buckwheat, Kuenzler hedgehog cactus, and lesser long-nosed bat are known or believed to occur. Defendants' failure to reclassify those species according to best available science frustrates NMFLC's objectives and forces NMFLC to expend resources petitioning for those species' reclassification.  As a party to the Petition, NMFLC is entitled to receive the legally required response from the Defendants.

12. Plaintiff Texas Farm Bureau (TFB) is a nonprofit membership organization, headquartered in Waco, Texas, that serves as the voice of Texas agriculture, promoting agriculture as a viable, long-term domestic source of food, fiber, and fuel.  TFB advocates on behalf of its members on ESA-related issues to ensure that agriculture is protected and preserved in Texas.  TFB has undertaken a number of endeavors to conserve wildlife in Texas, including the black-capped

vireo and Tobusch fishhook cactus, consistent with the agricultural needs of its members.  TFB has worked with the Texas Parks and Wildlife Department to develop management guidelines to be used for conservation of black-capped vireo habitat; supported and helped finance a program to remove cowbirds that were threatening the black-capped vireo population near Fort Hood; sponsored the Lone Star Land Stewardship Awards, which have recognized landowners' efforts to improve black-capped vireo and Tobusch fishhook cactus habitat; and worked with various landowners to develop habitat improvement projects.  Those activities were undertaken, in part, to increase black-capped vireo and Tobusch fishhook cactus viability to the point that ESA protection is no longer necessary. Defendants' failure to reclassify the black-capped vireo and Tobusch fishhook cactus according to best available science frustrates TFB's objectives and forces TFB to expend resources petitioning for those species' reclassification.  As a party to the Petition, TFB is entitled to receive the legally required response from the Defendants.

**Defendants**

13. Defendant Sally Jewell is sued in her official capacity as Secretary of the United States Department of the Interior.  In her official capacity, Secretary Jewell is required to ensure timely responses to petitions filed under 16 U.S.C. § 1533(b)(3)(A).

14. Defendant Daniel M. Ashe is sued in his official capacity as Director of the United States Fish and Wildlife Service.  The Secretary delegates ESA authority to the Director, who is responsible for responding to petitions filed under 16 U.S.C. § 1533(b)(3)(A).

15. Defendant United States Department of the Interior is an agency of the United States that

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF            - 6 -

administers and implements the ESA, including responding to petitions filed under 16 U.S.C.

§ 1533(b)(3)(A).

16. Defendant United States Fish and Wildlife Service is an agency within the Interior

Department which has the delegated responsibilities of administering and implementing the ESA,

including responding to petitions filed under 16 U.S.C. § 1533(b)(3)(A).

## GENERAL ALLEGATIONS

17. The ESA authorizes the Defendants to list species as either endangered or threatened due

to the existence of any of several factors.  16 U.S.C. § 1533(a)(1)(A)-(E).  Those factors are:

(A) the present or threatened destruction, modification, or curtailment of its habitat
or range;
(B) overutilization for commercial, recreational, scientific, or educational purposes;
(C) disease or predation;
(D) the inadequacy of existing regulatory mechanisms; or
(E) other natural or manmade factors affecting its continued existence.

*Id.*

18. The ESA requires the Defendants to make listing determinations "solely on the basis of

the best scientific and commercial data available."  16 U.S.C. § 1533(b)(1)(A).

19. The ESA also requires the Defendants to conduct status reviews, at least once every five

years, of all listed species, in which Defendants must determine whether any species should be

removed from the list (delisted), be changed in status from an endangered species to a threatened

species (downlisted), or be changed in status from a threatened species to an endangered species.

16 U.S.C. § 1533(c)(2)(A)-(B).

20. The ESA authorizes interested persons to petition the Defendants to reclassify species. 16 U.S.C. § 1533(b)(3)(A).

21. Upon receiving a petition to reclassify species, Defendants are required "[t]o the maximum extent practicable, within 90 days after receiving the petition" to "make a finding as to whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted."  16 U.S.C. § 1533(b)(3)(A).  If such information is presented in the petition, Defendants "shall promptly commence a review of the status of the species concerned."  *Id.*

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFFS' PETITION TO RECLASSIFY FIVE LISTED SPECIES

22. On or around July 11, 2012, Defendants received Plaintiffs' Petition seeking to reclassify five species under the ESA.  The species are:

> (1) gypsum wild-buckwheat;

> (2) black-capped vireo;

> (3) Kuenzler hedgehog cactus;

> (4) lesser long-nosed bat;

> (5) Tobusch fishhook cactus.

**Gypsum wild-buckwheat**

23. The gypsum wild-buckwheat is a plant that occurs in Eddy County, New Mexico, and is listed as threatened.

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF          - 8 -

24. Defendants produced a status review in 2007, which recommended that the gypsum wild-buckwheat be delisted.  Ex. 1 at 4.  The status review states that

> Threats [to gypsum wild-buckwheat] identified at the time of listing and in the recovery plan are no longer deemed significant; and two new populations have been discovered which add to an estimated population between 11,000 and 18,000 plants. The Service recommends that gypsum wild-buckwheat be removed from the list of threatened species as long as a Recovery Management Agreement with BLM is in place . . . .

Ex. 1 at 5.

25. The Plaintiffs' request to reclassify the gypsum wild-buckwheat was based entirely upon the scientific and commercial information contained within Defendants' status review for that species.

**Black-capped vireo**

26. The black-capped vireo is a bird that occurs in several Oklahoma counties and over 60 counties in Texas, and is listed as endangered.

27. Defendants produced a status review in 2007, which recommended that the black-capped vireo be downlisted from endangered to threatened.  Ex. 1 at 5.  The status review states that

> Based on the information in this review, the current overall threat level to black-capped vireo is less in magnitude than it was at the time the species was listed.  This is based on some threats decreasing in magnitude, the reconsideration of magnitude to certain threats, and the effects of conservation measures on the major threats to the species.

Ex. 1 at 5.

28. The Plaintiffs' request to reclassify the black-capped vireo was based entirely upon the

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF          - 9 -

scientific and commercial information contained within Defendants' status review for that species.

**Kuenzler hedgehog cactus**

29. The Kuenzler hedgehog cactus is a cactus that occurs in Chaves, Eddy, Lincoln, and Otero Counties, New Mexico, and is listed as endangered.

30. Defendants produced a status review for the Kuenzler hedgehog cactus in 2005, which recommended that the Kuenzler hedgehog cactus be downlisted from endangered to threatened. Ex. 1 at 6. The status review states that

> Kuenzler's hedgehog cactus should be proposed for reclassification from endangered to threatened. The known range of this cactus consisted of a single population of approximately 200 individuals when listed as endangered. . . . In reality, Kuenzler's hedgehog cactus exists across a much broader geographic range in several populations that total several thousands of individual plants and probably exceeds the 5,000 plants required for downlisting in the recovery plan.

Ex. 1 at 6.

31. The Plaintiffs' request to reclassify the Kuenzler hedgehog cactus was based entirely upon the scientific and commercial information contained within Defendants' status review for that species.

**Lesser long-nosed bat**

32. The lesser long-nosed bat is a bat that occurs in Cochise, Pima, Pinal, and Santa Cruz Counties, Arizona; and Hidalgo County, New Mexico, and is listed as endangered.

33. Defendants produced a status review for the lesser long-nosed bat in 2007, which recommended that the lesser long-nosed bat be downlisted from endangered to threatened. Ex. 1 at

7.  The status review states that

> Information generated since the listing of the [lesser long-nosed bat] indicates that [it] is not in imminent danger of extinction throughout all or a significant portion of its range. . . .  The [lesser long-nosed bat] should be proposed for reclassification from endangered to threatened.  Concurrently, a special rule as outlined in section 4(d) of the [ESA] should be promulgated exempting the prohibition for take for [livestock grazing and prescribed burning].

Ex. 1 at 7.

34. The Plaintiffs' request to reclassify the lesser long-nosed bat was based entirely upon the scientific and commercial information contained within Defendants' status review for that species.

**Tobusch fishhook cactus**

35. The Tobusch fishhook cactus is a cactus that occurs in Bandera, Edwards, Kerr, Kimble, Kinney, Real, Uvalde, and Val Verde Counties, Texas, and is listed as endangered.

36. Defendants produced a status review in 2010, which recommended that the Tobusch fishhook cactus be downlisted from endangered to threatened.  Ex. 1 at 7.  The status review states that, "In consideration of the greater known range and larger, currently stable population of Tobusch fishhook cactus, we believe it is no longer in danger of extinction throughout all or a significant portion of its range."  Ex. 1 at 8.

37. The Plaintiffs' request to reclassify the Tobusch fishhook cactus was based entirely upon the scientific and commercial information contained within Defendants' status review for that species.

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF          - 11 -

**Defendants' Response to Plaintiffs' Petition**

38. Defendants were required to issue an initial (90-day) finding as to whether Plaintiffs' Petition presented substantial scientific or commercial information indicating that the requested reclassifications may be warranted, on or around October 11, 2012.  16 U.S.C. § 1533(b)(3)(A).

39. Defendants did not make the required 90-day finding by the October, 2012, statutory deadline.  To this day, the Defendants have not issued a 90-day finding on Plaintiffs' Petition.

40. As a result of the Defendants' failure to issue the 90-day finding, the gypsum wild-buckwheat, black-capped vireo, Kuenzler hedgehog cactus, lesser long-nosed bat, and Tobusch fishhook cactus remain listed as endangered or threatened, despite the conclusions of the Defendants' status reviews indicating that the current listing status of each species is not consistent with best available science.

## ALLEGATIONS SUPPORTING DECLARATORY RELIEF

41. Plaintiffs hereby re-allege each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

42. An actual and substantial controversy exists between Plaintiffs and Defendants over Defendants' duty to comply with the ESA and the Administrative Procedure Act (APA) to make a 90-day finding on Plaintiffs' Petition.  16 U.S.C. § 1533(b)(3)(A).

43. This case is justiciable because Defendants have failed to timely comply with their nondiscretionary duty to make a 90-day finding on Plaintiffs' Petition.  16 U.S.C. § 1533(b)(3)(A).

44. Declaratory relief will clarify the rights and obligations of the parties and is, therefore,

appropriate to resolve this controversy.

### ALLEGATIONS SUPPORTING INJUNCTIVE RELIEF

45. Plaintiffs hereby re-allege each and every allegation contained in Paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiffs have been injured by the Defendants' failure to comply with the ESA and the APA and issue the required 90-day finding on Plaintiffs' Petition.  Plaintiffs will be irreparably harmed if an injunction does not issue enjoining the Defendants from continuing to evade their duty to make a 90-day finding.

47. Plaintiffs have no plain, speedy, or adequate remedy at law.

48. Plaintiffs' claims for relief are ripe.

49. If not enjoined by this Court, Plaintiffs allege on information and belief that Defendants will continue to violate the law that requires them to issue a 90-day finding for the Plaintiffs' Petition.

50. Accordingly, injunctive relief is appropriate.

### FIRST CAUSE OF ACTION
### (Violation of ESA, 16 U.S.C. § 1533(b),
### Failure to Make a Timely Finding
### on a Petition to Reclassify Species)

51. Plaintiffs hereby re-allege each and every allegation contained in Paragraphs 1 through 50 as though fully set forth herein.

52. The ESA, 16 U.S.C. § 1533(b)(3)(A), requires the Defendants, "to the maximum extent

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF          - 13 -

practicable, within 90 days after receiving the petition of an interested person [to reclassify species]," to "make a finding as to whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted."

53. Defendants received Plaintiffs' Petition on or around July 11, 2012, but Defendants have failed to make a 90-day finding on Plaintiffs' Petition within 90 days of receiving it, in the manner required by the ESA.  16 U.S.C. § 1533(b)(3)(A).

54. Defendants' failure to make a 90-day finding on Plaintiffs' Petition in the manner required by 16 U.S.C. § 1533(b)(3)(A) violates the ESA and is unlawful.

### SECOND CAUSE OF ACTION
### (Violation of APA, 5 U.S.C. § 706(1),
### Unlawfully Withholding or Unreasonably
### Delaying Agency Action)

55. Plaintiffs hereby re-allege each and every allegation contained in Paragraphs 1 through 54 as though fully set forth herein.

56. The ESA, 16 U.S.C. § 1533(b)(3)(A), requires the Defendants, "to the maximum extent practicable, within 90 days after receiving the petition of an interested person [to reclassify species]," to "make a finding as to whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted."

57. Defendants received Plaintiffs' Petition on or around July 11, 2012, but Defendants have failed to make a 90-day finding on Plaintiffs' Petition within 90 days of receiving it, in the manner required by the ESA.  16 U.S.C. § 1533(b)(3)(A).

58. Defendants' failure to make a 90-day finding on Plaintiffs' Petition constitutes agency action unlawfully withheld or unreasonably delayed in violation of 5 U.S.C. § 706(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment from this Court as follows:

1. A declaratory judgment that Defendants' failure to comply with their nondiscretionary duty to make a 90-day finding on Plaintiffs' Petition is a violation of the ESA;

2. A declaratory judgment that Defendants' failure to comply with their nondiscretionary duty to make a 90-day finding on Plaintiffs' Petition constitutes agency action unlawfully withheld in violation of the APA;

3. An order compelling Defendants to make a 90-day finding on Plaintiffs' Petition by a date certain;

4. An award to Plaintiffs of reasonable attorney fees and expert fees in bringing and maintaining this action pursuant to 16 U.S.C. § 1540(g)(4);

5. An award to Plaintiffs of costs of suit pursuant to Federal Rule of Civil Procedure 54(d); and

6. An award to Plaintiffs of any other relief that the Court deems just and proper under the circumstances of this case.

///

DATED: May 31, 2013.

Respectfully submitted,

By _____/s/  A. BLAIR DUNN_____
          A. BLAIR DUNN

A. BLAIR DUNN, N.M. Bar. No. 121395*
E-mail: abdunn@ablairdunn-esq.com
6665 Uptown Boulevard, Suite 280
Albuquerque, New Mexico 87110
Telephone:  (505) 881-5155
Facsimile:  (505) 881-5356

M. REED HOPPER, Cal. Bar No. 131291**
E-mail: mrh@pacificlegal.org
DANIEL A. HIMEBAUGH,
Wash. Bar No. 41711**
E-mail: dah@pacificlegal.org
Pacific Legal Foundation
10940 NE 33rd Place, Suite 210
Bellevue, Washington 98004
Telephone: (425) 576-0484
Facsimile: (425) 576-9565

Attorneys for Plaintiffs

*Local counsel*
**Non-admitted attorney associating with local counsel*